IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OHIO
EASTERN DIVISION

SHAWN S.,[1]

       **Plaintiff,**

v.

Civil Action 2:22-cv-1958
Chief Judge Algenon L, Marbley
Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF**
**SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Shawn S., brings this action under 42 U.S.C. § 405(g) for review of the most recent decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Supplemental Security Income benefits ("SSI").  Pending before the Court is Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition, (ECF No. 14), and the administrative record (ECF No. 8).  Plaintiff did not file a Reply.  For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

1

I. BACKGROUND

This is Plaintiff's third case before this Court concerning the Administration's denial of his SSI application. *See* [*Shawn S.*] *v. Comm'r of Soc. Sec.*, S.D. Ohio Case. No. 2:17-cv-626 (the "2017 Case"); [*Shawn S.*] *v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 2:20-cv-3936 (the "2020 Case"). Previously, Plaintiff applied for SSI on October 15, 2013, alleging disability beginning July 15, 2005, due to Attention deficit disorder ("ADD"), Attention deficit hyperactivity disorder ("ADHD"), bipolar disorder, bowel problems, arthritis in his hips and knees. (R. at 201-06, 221.) Plaintiff's application was denied initially in March 2014, and upon reconsideration in May 2014. (R. at 88-120, 126-30.) On December 8, 2015, Plaintiff, who was represented by counsel, appeared and testified at a hearing held by an administrative law judge. (R. at 67-87.) A subsequent hearing was held on February 18, 2016, to obtain additional vocational witness testimony. (R. at 58-66.) On March 14, 2016, Timothy G. Keller ("ALJ Keller") issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 34-57.) The Appeals Council denied Plaintiff's request for review, and he filed suit in this Court. *See* 2017 Case. This Court remanded the matter for further proceedings. (R. at 608-09.)

On remand, the claim was returned to ALJ Keller. After a hearing on December 18, 2018, ALJ Keller found on January 7, 2019, that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. (R. at 809-34.) After the Appeals Council denied Plaintiff's request for review, Plaintiff filed the 2020 Case. This Court again

2

remanded the case for further administrative proceedings consistent with the Court's opinion. (R. at 835-41, 842-45.)

Following the Court's remand of the 2020 Case, Plaintiff's claims were then assigned to administrative law judge Matthew Winfrey ("ALJ Winfrey"). Following another telephone hearing on December 15, 2021, ALJ Winfrey determined that Plaintiff was not eligible for benefits because Plaintiff was not under a "disability" as defined in the Social Security Act. (*See* R. at 743-69.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

## II. RELEVANT RECORD EVIDENCE

The Undersigned thoroughly has reviewed the information set forth in the Administrative Record in this matter. Given the claimed errors raised by the Plaintiff, rather than summarizing that information at any length here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

## IV. ADMINISTRATIVE DECISION

On February 2, 2022, ALJ Winfrey issued the non-disability determination. (R. at 746-62.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantially gainful activity since September 26, 2013, the application date. (R. at 748.) He found that Plaintiff had the following severe impairments: mood disorder; disruptive disorder/ADHD; schizophrenia; impulse control disorder; learning disorder; cannabis dependence; hip arthritis; knee arthritis; scoliosis; obesity. (*Id.*) He concluded, however, that Plaintiff's impairments are not of a severity that medically meets or equals the severity of any impairments listed in Part B of Appendix 1 to Subpart P, 20 C.F.R. Part 404. (R. at 749.)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC"), in pertinent part, as follows:

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

4

> [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except [Plaintiff] can frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; frequently stoop or kneel. [Plaintiff] is limited to performing simple, routine, repetitive tasks but not at a production rate pace, such as one has with assembly line work; could tolerate occasional interactions with supervisors, coworkers, and the public; interactions would be superficial, meaning interactions would be limited to the straightforward exchange of information, without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or over the shoulder supervision; no contact with or access to illegal drugs such as might happen in a law enforcement setting; can tolerate only occasional changes in duties and the work setting.

(R. at 752.)

At step four, the ALJ determined that Plaintiff has no past relevant work. (R. at 760.) At step five, relying on the VE's testimony, the ALJ concluded that Plaintiff can perform jobs that exist in significant numbers in the national economy. (R. at 760-61.) The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since September 26, 2013, the date the application was filed. (R. at 761.)

## V.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant

5

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 119 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## VI. ANALYSIS

Plaintiff raises two issues in his statement of errors. First, Plaintiff claims that the ALJ erred in evaluating the medical source opinions of the state agency reviewing psychologists, Todd Finnerty, Psy.D. and Courtney Zeune, Psy.D.; consulting psychologist, Dory Sisson, Ph.D.; and consulting psychologist for the Bureau of Vocational Rehabilitation, Lee Roach, Ph.D. Further, Plaintiff contends that the RFC determination is not supported by substantial evidence.

Within his second statement of error, Plaintiff argues that the ALJ erred when he adopted a particular limitation and then omitted it from the RFC. Specifically, Plaintiff cites the ALJ's finding that Plaintiff was limited to occasional decision making. (ECF No. 11 at 28 citing R. at 759.) Thus, according to Plaintiff, "the RFC does not accurately reflect the ALJ's findings and the inaccurate RFC corrupted subsequent steps in the process." (*Id*. at 29.) Although not particularly well-articulated, the essence of Plaintiff's argument here is that the ALJ's step-five finding is not supported by substantial evidence because the ALJ's hypothetical question to the vocational expert failed to include Plaintiff's limitation to occasional decision-making. For the following reasons, the Undersigned agrees that, as a result of his failure to include this limitation in the RFC, the ALJ erred in his step-five finding. Accordingly, remand is recommended.[3]

The specific finding at issue was made by the ALJ in the context of discussing the opinion of Michael Lace, Psy.D., the testifying impartial medical expert. The ALJ discussed that opinion as follows:

> At the hearing, medical expert Michael Lace, Psy.D., a licensed psychologist testified. Dr. Lace testified [Plaintiff] had a diagnoses of schizophrenia disorder though there was not a great deal of evidence to support it, as well as a mood disorder, disruptive mood dysregulation disorder/attention deficit hyperactivity disorder, impulse control disorder, cannabis use disorder. Dr. Lace opined [Plaintiff] would be limited to simple, routine, repetitive tasks, with no fast-paced production line work, with occasional contact with coworkers, supervisors, and the general public; and work where there would be no contact with or access to illegal substances, such as in law enforcement. The undersigned gives significant weight to the opinions of Dr. Lace. Dr. Lace notably had the opportunity to review the record in its entirety with a [longitudinal] view of [Plaintiff]'s treatment and

---

[3]This finding obviates the need for an in-depth analysis of the remaining issues. Thus, the Undersigned need not, and does not, address the alternative bases that Plaintiff asserts support reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's other arguments if appropriate.

examinations. Dr. Lace further provided support for his opinions at the hearing citing [Plaintiff]'s recurring normal mental status examinations (Exhibit 9F/22; 14F/1-18; 20F/6-20), as well as PHQ-2 AND PHQ-9 scores indicative of no depression (Exhibit 20F/9-20). He further noted that mental status examinations were compromised from time to time, noting [Plaintiff]'s labile mood, flat affect, and distractibility, on occasion (Exhibit 9F/40-41, 48-49). He further noted [Plaintiff]'s intellectual functioning was within normal limits (Exhibit 6F/1). Accordingly, his opinions are well supported by the evidence of record and given significant weight. However, the undersigned further has limited [Plaintiff] to superficial interaction, meaning interactions would be limited to the straightforward exchange of information, without negotiation, persuasion, conflict resolution, close teamwork, tandem work, or over the shoulder supervision, in order to further accommodated [Plaintiff]'s adaptive limitations in dealing with others. **[T]he undersigned additionally finds [Plaintiff] is limited to occasional changes and occasional decision making in order to further accommodate [Plaintiff]'s irritability and stress response**.

(R. at 759, emphasis added.)

As this excerpt demonstrates, the ALJ found Dr. Lace's opinion deserving of "significant weight." (R. at 759.) Nevertheless, the ALJ concluded that additional limitations were in order. Among these additional limitations, designed to accommodate Plaintiff's irritability and stress response, was a limitation to only occasional decision making. (*Id*.) Despite this explicit finding, as Plaintiff points out, the ALJ did not incorporate this limitation into the RFC. Instead, as set forth above, the RFC assessment, provided in relevant part, that Plaintiff "can tolerate only occasional changes in duties and the work setting." (R. at 752.) The ALJ then proceeded to exclude a limitation to occasional decision making from the hypothetical question posed to the vocational expert. (R. at 796-807.) Or, as the Plaintiff described it, "the inaccurate RFC corrupted subsequent steps in the process."

The Commissioner offers various arguments in response, all of which lack merit. First, the Commissioner contends that there is no medical opinion that limited Plaintiff to occasional

8

decision making. (ECF No. 14 at 7.) In support of this argument, Plaintiff cites *McQuillen v. Comm'r of Soc. Sec.,* No. 2:20-CV-6006, 2021 WL 6133277 (S.D. Ohio Dec. 29, 2021), *report and recommendation adopted,* No. 2:20-CV-6006, 2022 WL 867270 (S.D. Ohio Mar. 23, 2022). To be sure, in that case, as here, the ALJ found greater limitations than those proposed by certain medical experts. In *McQuillen*, however, the Plaintiff was not arguing that the ALJ then failed to include those more restrictive limitations in the RFC. Thus, *McQuillen* is inapposite under the circumstances. Further, the Commissioner asserts that the ALJ limited Plaintiff to occasional changes in duties and the work setting. (*Id*. at 7-8.) While that may be, the Commissioner makes no connection between this limitation in the RFC and the specifically noted limitation to only occasional decision making set forth in the ALJ's decision. Perhaps the ALJ intended his chosen language to encompass the decision-making limitation, but that is not clear from either the ALJ's discussion in the first instance or the Commissioner's argument here. Finally, the Commissioner argues that, because the ALJ limited Plaintiff to simple, routine, and repetitive tasks, this accounted for limitations in decision making. (*Id*. at 8.) As the ALJ specifically discussed, however, Dr. Lace opined the Plaintiff would be limited to such tasks. (R. at 759.) A fair reading of the ALJ's discussion, on the other hand, indicates his intention to include limitations beyond those opined by Dr. Lace and the limitation to occasional decision making was identified as such an additional limitation. (*Id*.)

Without question, in order to conduct a meaningful review, the ALJ must make the reasons for his determination sufficiently clear in his decision. *Wanda P. v. Comm'r of Soc. Sec*., No. 1:21-CV-07, 2022 WL 3584350, at *3 (S.D. Ohio Aug. 22, 2022), *report and*

*recommendation adopted*, No. 1:21-CV-007, 2022 WL 4473508 (S.D. Ohio Sept. 26, 2022) (citing *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *see also Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision")).

  Here, despite finding that Plaintiff's irritability and stress response required that he be limited to no more than occasional decision making, the ALJ failed to include this limitation in the RFC. The ALJ's failure to do so without an explanation requires remand. This is so because it prevents the Court from conducting a meaningful review to determine whether substantial evidence supports the ALJ's decision. Absent the ALJ's explanation for omitting the "occasional decision making" limitation, and without the benefit of VE testimony in response to a hypothetical that included that restriction, the court cannot discern whether its inclusion would have affected the outcome. *Holmes v. Saul*, No. 5:19-CV-2556, 2020 WL 6747750, at *11 (N.D. Ohio Oct. 26, 2020), *report and recommendation adopted sub nom. Holmes v. Comm'r of Soc. Sec.*, No. 5:19-CV-02556, 2020 WL 6746647 (N.D. Ohio Nov. 17, 2020).

Accordingly, the Undersigned finds that the ALJ's failure to include a limitation to occasional decision making in his hypothetical questions to the VE was in error. *Wanda P.,* 2022 WL 3584350, at *4 (citing *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789 (6th Cir. 2009) (ALJ erred in relying on answer to hypothetical question because it simply restated [RFC], which did not accurately portray claimant's physical and mental impairments)). Because the ALJ's hypothetical questions failed to accurately portray plaintiff's functional impairments, the VE's testimony in response thereto does not constitute substantial evidence that plaintiff could perform the jobs identified by the VE. *Id.* (citing *Chasidy M. v. Comm'r of Soc. Sec.*, No. 2:21-CV-4679, 2022 WL 2712216, at *10 (S.D. Ohio July 13, 2022)). Thus, remand is recommended.

### VII. CONCLUSION

For these reasons, it is therefore **RECOMMENDED** that Plaintiff's Statement of Errors (ECF No. 11) be **GRANTED**, and the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** under Sentence Four of § 405(g).

### VIII. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

March 15, 2023                                        *s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge